El Moubarak v. Garland

BIA
Segal, IJ
A208 232 705/213 405 115

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand twenty-five.

PRESENT:
JOHN M. WALKER, JR.,
DENNY CHIN,
MICHAEL H. PARK,
*Circuit Judges.*

_____

AHMED SALEM EL MOUBARAK,
MAIMOUNA MOHAMED VALL,
*Petitioners,*

v.                                                                  **22-6571**
                                                                       **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONERS:     Kareem El Nemr, Esq., Astoria, NY.

FOR RESPONDENT:     Brian M. Boynton, Principal Deputy Assistant Attorney General; Jonathan Robbins, Assistant Director; Enitan O. Otunla, Trial Attorney, Caleb J. Walker, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the petition for review is **DENIED**.

Petitioners Ahmed Salem El Moubarak and Maimouna Mohamed Vall, natives and citizens of Mauritania, seek review of a November 22, 2022 order of the BIA affirming a September 1, 2021 decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ahmed Salem El Moubarak, Maimouna Mohamed Vall*, Nos. A208 232 705/213 405 115 (B.I.A. Nov. 22, 2022), *aff'g* Nos. A208 232 705/213 405 115 (Immigr. Ct. N.Y.C. Sept. 1, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao*

*v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Petitioners alleged that El Moubarak was jailed and sentenced to death for committing adultery in Mauritania and that his wife, Vall, was attacked by his ex-

3

mistress's family.    Substantial evidence supports the agency's determination that Petitioners were not credible.

The agency reasonably relied on inconsistencies regarding the length of El Moubarak's detention in Mauritania (three, four, or six days), the outcome of his ex-mistress's pregnancy (birth, miscarriage, or abortion), and who attacked Vall (two women and a man, only men, or only women). [1]    *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible.    Multiple inconsistencies would so preclude even more forcefully.").    Despite opportunities to explain these inconsistencies, Petitioners did not compellingly do so.    *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his

---

[1] Contrary to the Government's contention, we do not find that Petitioners abandon review of these findings, and we treat their arguments as exhausted because the BIA reached each finding.    *See Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 112 n.7 (2d Cir. 2008) (noting that the Court may consider a claim that was not challenged on appeal to the BIA if the BIA explicitly addresses it in its decision).    We agree, however, that Petitioners have abandoned their argument that the IJ violated their due process rights by not considering their post-hearing memorandum.    *See Debique v. Garland*, 58 F.4th 676, 684–85 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

4

inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

The above inconsistencies constitute substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5